IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VEASNA SITH,

      Petitioner,                    No. CIV S-11-0620 DAD P

    vs.

TIM VIRGA,                            ORDER

      Respondent.

_____/

      Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant 28 U.S.C. § 2254, together with a document styled, "Motion To File A Protective Writ." In accordance with the court's April 4, 2011 order, petitioner has submitted the $5.00 filing fee.

      The petition before the court appears to be a mixed petition, containing both exhausted (insufficient evidence for gang enhancement) and unexhausted (ineffective assistance of trial counsel) claims. In his pending motion to file a protective writ, petitioner suggests that he seeks a stay of the proceedings "pending exhaustion of state remedies of potentially meritorious and dispositive federal constitutional claims[.]" (Doc. No. 2 at 6.) Petitioner's motion to file a protective writ will be denied as unnecessary and defective, without prejudice to the filing of a proper motion for stay and abeyance.

It is now clear that the court may stay a mixed petition under circumstances, rather than requiring the filing of an amended petition containing only exhausted claims, to allow a petitioner to present his unexhausted claims to a state court for review. Rhines v. Weber, 544 U.S. 269, 278 (2005); Jackson v. Roe, 425 F.3d 654, 655-56 (9th Cir. 2005). Therefore, to the extent petitioner seeks permission to file a mixed petition pending exhaustion, his motion is unnecessary and will be denied on that basis.

However, to the extent petitioner's motion is one seeking stay and abeyance of his mixed petition, it is deficient and will be denied without prejudice. In this regard, the United States Court of Appeals for the Ninth Circuit has analyzed the two procedures available to habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. See King v. Ryan, 564 F.3d 1133 (9th Cir. 2009). First, the Ninth Circuit has explained "the Kelly procedure," which it had outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under the three-step Kelly procedure,

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King, 564 F.3d at 1135. A petitioner who elects to proceed under the Kelly procedure will be able to amend his petition with his newly exhausted claims if they are timely. If a petitioner's newly-exhausted claims are untimely, he will only be able to amend his petition to include them if they share a "common core of operative facts" with the claims in his original petition. In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring

during a stay. See King, 564 F.3d at 1140-41.[1] See also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has also authorized an alternative procedure which it outlined in Rhines v. Weber, 544 U.S. 269, 277 (2005). Under the Rhines procedure, the petitioner need not amend his petition to delete unexhausted claims. Instead, the petitioner may proceed on a "mixed petition," where there is good cause for the petitioner's failure to exhaust all claims in state court before filing a federal habeas petition. Id. A petitioner who elects to proceed under the Rhines procedure can, in many instances, avoid an issue with respect to the timeliness of his clams. See King, 564 F.3d at 1140. However, the Supreme Court cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back." Rhines, 544 U.S. at 277-78. The Supreme Court explained that district courts should not grant a stay if the petitioner has engaged in abusive litigation tactics or intentional delay or if the unexhausted claims are plainly meritless. Id. at 278. In addition, federal proceedings may not be stayed indefinitely and reasonable time limits must be imposed on a petitioner's return to state court to exhaust additional claims. Id. at 277-78. Therefore, in a motion for a stay and abeyance under Rhines, the petitioner must (1) show good cause for petitioner's failure to exhaust all claims prior to filing this action, (2) identify petitioner's unexhausted claims and demonstrate that each is potentially meritorious, (3)

---

[1] According to the allegations of the pending petition, the California Supreme Court affirmed the underlying conviction on appeal on August 12, 2009. On or about August 17, 2010, petitioner sought habeas relief from the San Joaquin County Superior Court and such relief was denied on August 23, 2010. Petitioner does not allege that he has sought or is seeking habeas relief at this time from the California Court of Appeal for the Third Appellate District or the California Supreme Court. The pending federal habeas petition was signed by petitioner on February 1, 2011 and was received and filed on February 25, 2011. The court expresses no opinion at this time with respect to whether the federal habeas petition now pending before this court was timely filed under the one-year statute of limitations set forth in 28 U.S.C. § 2244.

describe the status of state court proceedings on the unexhausted claims, and (4) demonstrate that petitioner has acted with diligence in pursuing his unexhausted claims.

        In accordance with the above, IT IS HEREBY ORDERED that:

        1. Petitioner's February 25, 2011 motion to file a protective writ (Doc. No. 2) is denied without prejudice; and

        2. Within thirty days from the service of this order, petitioner shall file a proper motion for a stay and abeyance, addressing the legal standard and relevant factors for the granting of a stay and abeyance under whichever procedure he elects to pursue from the two set forth above.

DATED: September 2, 2011.

                                            /s/ Dale A. Drozd
                                            DALE A. DROZD
                                            UNITED STATES MAGISTRATE JUDGE

DAD:4
sith0620.ord.msa