IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VEASNA SITH,

      Petitioner,                      No. 2:11-cv-00620-DAD P

    vs.

TIM VIRGA,                             ORDER

      Respondent.

_____/

      Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging his 2007 judgment of conviction on charges of robbery, residential burglary and assault with a deadly weapon. By order filed on September 2, 2011, the court determined that petitioner's federal habeas petition contained both exhausted and unexhausted claims, and denied petitioner's motion to file a protective writ as unnecessary and defective. Petitioner was advised of the two procedures for proceeding with a mixed petition under <u>King v. Ryan</u>, 564 F.3d 1133 (9th Cir. 2009), and granted leave to file a proper motion for a stay and abeyance.[1] Now pending before the court is petitioner's motion for a stay and abeyance filed on December 22, 2011. (Doc. No. 14.)

---

[1] On October 17, 2011 and November 22, 2011, petitioner was granted additional time to file his motion for stay and abeyance. (Docs. No. 10 & 13.)

1

In his motion petitioner has elected to seek stay and abeyance under the procedure outlined by the Supreme Court in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).  However, the court finds that petitioner's pending motion fails to adequately address the requirements set forth in <u>Rhines</u>.  Petitioner asserts merely that his trial attorney's failure to release trial records and case file to petitioner provides good cause for petitioner's failure to exhaust state court remedies with respect to all his claims prior to the filing of his federal habeas petition.  However, petitioner fails to provide any detail as to what specific records he required in order to present his unexhausted claims to the state courts.  As to the diligence requirement, petitioner asserts only that in September of 2010, his legal assistant began to contact his trial attorney in an attempt to obtain his trial records.  However, petitioner fails to explain what efforts, if any, were made to diligently pursue his unexhausted claims prior to September of 2010.  For these reasons, the court will deny petitioner's motion without prejudice and grant petitioner leave to file a new motion for a stay and abeyance.  Should petitioner chose to file a new motion for a stay and abeyance, the court will order respondent to file a response or a statement of non-opposition to the motion.

Accordingly, IT IS HEREBY ORDERED that petitioner's December 22, 2011 motion for a stay and abeyance (Doc. No. 14) is denied without prejudice.  Within thirty days from the service of this order, petitioner shall file a new motion for a stay and abeyance.[2]

DATED: July 31, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
sith620.msa2

---

[2] Petitioner is advised to refer to the court's order filed on September 2, 2011, setting forth the specific requirements for the granting of a motion for stay and abeyance under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).