UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VEASNA SITH,

        Petitioner,

  v.

TIM VIRGA,

        Respondent.

No.  2:11-cv-00620 DAD P

ORDER

Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The parties have consented to Magistrate Judge jurisdiction in this action under 28 U.S.C. § 636(c).  (See ECF Nos. 5 & 25.)  Before the court is respondent's motion to dismiss this action as untimely filed.

**BACKGROUND**

On October 26, 2007, a San Joaquin County Superior Court jury found petitioner guilty of first degree robbery, first degree residential burglary, assault with a firearm, and participation in a street gang.  (Resp't's Lodged Docs. (Lod. Doc.) Nos. 1 at 2 & 3.)[1]  On December 4, 2007, petitioner was sentenced to concurrent middle terms in state prison on the burglary and assault counts for a total aggregate prison term of twenty-nine years and eight months.  (Id.)

---

[1] Respondent's notice of lodging of documents was filed with the court on June 17, 2013.  (ECF No. 27.)

On June 9, 2009, the California Court of Appeal for the Third Appellate District modified petitioner's judgment by staying the sentences for burglary and assault with a firearm and otherwise affirming the judgment of conviction as modified. (Lod. Doc. No. 1.)

On August 12, 2009, the California Supreme Court denied the petition for review filed on behalf of petitioner. (Lod. Doc. No. 2.)

Approximately one year later, petitioner filed the first of four state habeas petitions. Those four state habeas actions were the following:

1. On August 17, 2010, petitioner filed a state habeas petition in the San Joaquin County Superior Court. (Lod. Doc. No. 4.) Therein, petitioner claimed that he received ineffective assistance of trial counsel and that the evidence introduced at trial was insufficient to support the gang enhancement that was imposed. (Id. At 4-5.) On August 23, 2010, the petition was denied without prejudice based on the court's finding that petitioner's allegations were conclusory and unsupported. (Lod. Doc. No. 5.)

2. On July 12, 2011, petitioner filed his second petition with the San Joaquin County Superior Court. (Lod. Doc. No. 6.) Therein petitioner alleged that he received ineffective assistance from both his trial and appellate counsel. (Id. at 3-1 to 4-1.) On September 23, 2011, that petition was denied on the merits. (Lod. Doc. No. 7.)

3. On December 4, 2011, petitioner filed a habeas petition with the California Court of Appeal for the Third Appellate District. (Lod. Doc. No. 8.) On December 15, 2011, the petition was summarily denied. (Lod. Doc. No. 9.)

4. On December 25, 2011, petitioner signed a petition for a writ of habeas corpus that was filed with the California Supreme Court on February 23, 2012. (Lod. Doc. No. 10.) That petition was denied on June 13, 2012. (Lod. Doc. No. 11.)

On February 17, 2011, petitioner mailed his federal habeas petition together with a document styled as a "Motion To File A Protective Writ" to the Fresno Division of the U.S. District Court for the Eastern District of California. (ECF No. 1 at 55.) On February 25, 2011, the petition and petitioner's motion were filed and on March 7, 2011, the action was transferred to the Sacramento Division of this court. (ECF No. 3.) On April 4, 2011, petitioner was directed by

the court to submit an affidavit requesting leave to proceed in forma pauperis or pay the required filing fee. (ECF No. 6.) On April 28, 2011, petitioner submitted the filing fee.

On September 2, 2011, this court denied without prejudice petitioner's motion to file a protective writ and ordered him instead to file a proper motion for a stay and abeyance within thirty days. (ECF No. 8.) At that time this court specifically stated that it was expressing no opinion whether the federal petition had been timely filed under the applicable statute of limitations. (Id. at 3, n.1.) After two extensions of time, petitioner filed his motion for a stay and abeyance on December 22, 2011. (ECF No. 14.) On August 1, 2012, the court denied petitioner's motion for stay and abeyance without prejudice because petitioner had failed to address the requirements for stay and abeyance set out by the Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005). (ECF No. 16.) Petitioner was directed that if he still wished to seek a stay and abeyance of this action he was to file a new motion seeking such an order within thirty days. (Id.) On September 5, 2012, petitioner filed his new motion for a stay and abeyance but advised this court that he had since received a decision from the California Supreme Court with respect to his previously unexhausted claims for habeas relief. (ECF No. 17.) On April 16, 2013, the court denied petitioner's motion for stay and abeyance as having been rendered moot and ordered respondent to file a response to petitioner's habeas petition. (ECF No. 22.) On June 17, 2013, respondent filed the pending motion to dismiss. (ECF No. 26.)

**DISCUSSION**

**I. The AEDPA Statute of Limitations**

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

3

>   the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

**II.  The Arguments of the Parties**

    **A.  Respondent's Motion to Dismiss**

Respondent argues that the last day for petitioner to file his petition seeking federal habeas relief was on November 10, 2010, absent any tolling of the applicable statute of limitations. Respondent concedes that the limitations period was tolled for seven days while petitioner's first state petition was pending before the San Joaquin County Superior Court.  However, respondent argues there was no statutory tolling between the denial of petitioner's first state habeas petition and his filing of his second state petition because both of those petitions were filed in the San Joaquin County Superior Court and because there was an unreasonable delay of nearly eleven months between the filing of those habeas petitions.  Respondent argues that to the extent petitioner sought to correct the deficiencies of his first state habeas petition by filing a second petition in the Superior Court, interval tolling is not appropriate because of the protracted delay between the denial of the first state petition and the filing of the second.  (ECF No. 26 at 6.) Accordingly, respondent contends that the statute of limitations for petitioner to seek federal habeas relief expired back on November 17, 2010, and his federal habeas petition filed on February 17, 2011, was untimely.  Finally, respondent asserts that petitioner's filing of his

/////

second, third and fourth state habeas actions cannot result in tolling of the limitations period because they were all filed after that limitations period had expired.  (Id.)

**B. Petitioner's Opposition**

Petitioner initially failed to file an opposition to respondent's pending motion to dismiss. Accordingly, on August 6, 2013, this court issued an order advising petitioner that his failure to oppose the motion to dismiss could be deemed a waiver of any opposition to the granting of the motion.  (ECF No. 28.)  At that time petitioner was granted twenty-one additional days to file and serve his opposition to defendant's motion or voluntarily dismiss this habeas action and ordered to show cause in writing why sanctions should not be imposed due to his failure to file a timely opposition.  (Id. at 1-2.)

On August 26, 2013, petitioner responded to the order to show cause by filing a very brief "reply" to respondent's motion to dismiss in which he argued:  (1) the filing of a federal habeas petition outside the one-year statute of limitations may be "overcome" if a "miscarriage of justice caused the conviction of a factually innocent person[,]" and (2) the applicable statute of limitations is tolled not just for the time that state habeas petitions are pending but also while "other forms of Judicial post-conviction review" are pending.  (ECF No. 29 at 2-3.)  In this filing petitioner advances no other arguments in opposition to the pending motion to dismiss but merely states "Equitable Tolling" with a citation to Holland v. Florida, 560 U.S. 631 (2010).  (Id. at 3.)

**III. Application of § 2244(d)(1)(A)**

As noted above, the California Supreme Court denied the petition for review in petitioner's case on August 12, 2009.  Therefore, petitioner's judgment of conviction became final ninety days thereafter on November 10, 2009.  See Summers v. Schriro, 481 F.3d 710, 717 (9th Cir. 2007); Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The AEDPA statute of limitations period began to run the following day, on November 11, 2009, and expired one year later on November 10, 2010.  Applying the mailbox rule, petitioner did not constructively file his federal habeas petition in this case until February 17, 2011.[2]  Accordingly, petitioner's federal

---

[2]  See Houston v. Lack, 487 U.S. 266, 276 (1988); Campbell v. Henry, 614 F.3d 1056, 1058-59 (9th Cir. 2010).

5

petition for a writ of habeas corpus is time-barred and subject to dismissal unless he is entitled to the benefit of statutory or equitable tolling.

**IV. Application of § 2244(d)(2)**

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The AEDPA statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending" during that interval. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

As respondent properly concedes, in this case statutory tolling of the limitations period is appropriate during the seven days that petitioner's first state habeas petition was pending before the San Joaquin County Superior Court. However, in this case petitioner not only greatly expanded the scope of his ineffective assistance of trial counsel claim in his second petition filed with the San Joaquin Superior Court but also added an ineffective assistance of appellate counsel claim. By doing so, and in not proceeding up the ladder to the next highest court, petitioner started a new round of habeas review and eliminated any arguable basis for gap tolling between the denial of the first petition between the denial of the first petition by the Superior Court and the filing of the second petition with that court. See Stancle v. Clay, 692 F.3d 948, 953-54 (9th Cir. 2012), cert. denied ___U.S.___, 133 S. Ct. 1465 (2013); see also Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir.2010) ("Only the time period during which a round of habeas review is pending tolls the statute of limitations; periods between different rounds of collateral attack are not tolled."); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir.2003) (finding that petitioner "kicked off a new round of collateral review" when he filed a non-ascending petition in the Superior Court, and was "no longer pursuing his application for habeas relief up the ladder of the state court system.")

Moreover, even if petitioner's second petition filed in the San Joaquin County Superior Court did not constitute a new round of habeas review precluding a finding of gap tolling, he still would not be entitled to such tolling for the period between the denial of his first state petition and the filing of his second. As argued by respondent, the period of time between the denial of petitioner's first habeas petition by the San Joaquin County Superior Court and his filing of his second petition in that court would not be subject to tolling in any event because of petitioner's unexplained delay of almost eleven months in filing his second petition after his first petition was denied by that court. See Velasquez v. Kirkland, 639 F.3d 954, 967-68 (9th Cir. 2011) (holding that interval delays of 81 days and 92 days between habeas filings was unreasonable); Banjo, 614 F.3d at 971 (finding that delay of 146 days between the first and second petitions filed in the Superior Court was unreasonable); Chaffer v. Prosper, 592 F.3d 1046, 1948 (9th Cir. 2010) (finding that delays of 101 and 115 days between filings were unreasonable and therefore not entitled to interval tolling).[3]

With the tolling of seven days during the pendency of petitioner's first state habeas petition in the San Joaquin County Superior Court, the limitations period for him to seek federal habeas relief was extended to November 17, 2010. None of the habeas petitions filed by petitioner after that date could serve to statutorily toll the AEDPA statute of limitations which had already expired. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that the filing of a state petition after the federal limitations period has expired has no effect).

/////
/////
/////

---

[3] As noted, on February 17, 2011 - during the interval between the denial of his first petition with the San Joaquin County Superior Court on August 23, 2010 and the filing of his second petition with that same court on July 12, 2011 – petitioner filed his federal petition. However, by the time the federal petition was filed the AEDPA statute of limitations had expired some three months earlier. Moreover, the filing of a federal habeas petition cannot serve to toll the statute of limitations. Duncan v. Walker, 533 U.S. 167, 181-82 (2001) ("We hold that an application for federal habeas corpus review . . . did not toll the limitations period during the pendency of . . . [the] federal habeas petition.").

### V. Equitable Tolling

As noted above, in his "reply" petitioner refers to equitable tolling at one point without any argument and also merely comments that actual innocence can "overcome late filing[.]" (ECF No. 29 at 2.)

The United States Supreme Court has confirmed that the AEDPA statute of limitations "is subject to equitable tolling in appropriate cases." Holland v. Florida, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010). See also Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011); Lakey v. Hickman, 633 F.3d 782, 784 (9th Cir. 2011); Porter v. Ollison, 620 F.3d 952, 959 (9th Cir. 2010). Generally, a federal habeas petitioner "is 'entitled to equitable tolling' only where he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of demonstrating the existence of grounds for equitable tolling. See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). Petitioner, by mentioning equitable tolling and actual innocence but advancing no argument or facts, clearly has not carried his burden of establishing that he is entitled to equitable tolling of the AEDPA statute of limitations.

### VI. Certificate of Appealability

Rule 11 of the Federal Rules Governing Section 2254 Cases states that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability should be granted for any issue that petitioner can demonstrate is "'debatable among jurists of reason,'" could be resolved differently by a different court, or is "'adequate to deserve encouragement to proceed further.'" Jennings v. Woodford, 290 F.3d 1006, 1010 (9th Cir.2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). For the reasons set forth above, the court declines to issue a certificate of appealability in this case.

/////

/////

/////

**CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Respondent's June 17, 2013 motion to dismiss (ECF No. 26) is granted;
2. This action is dismissed as untimely filed; and
3. No certificate of appealability shall issue.

Dated: January 16, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
sith620.mtd